Good morning, Your Honors. Matt Campbell from the Federal Defenders on behalf of Mr. Hunton. Martinez v. Ryan significantly changed the rules relating to procedural default. The Martinez court held that the ineffective assistance of counsel in initial review collateral proceedings by failing to raise an ineffective assistance of trial counsel claim can constitute cause for a default. That holding should apply equally when, in initial review collateral proceedings, a claim pursuant to Brady v. Maryland is not raised. Brady claims are fundamental constitutional claims, as are Strickland claims. Such claims strike at the heart of due process and impact fundamental fairness of trial proceedings. Here, Washington state law prevented Mr. Hunton from raising his Brady claim during direct appeal proceedings when he was guaranteed an attorney. His Brady claim was not raised in initial review collateral proceedings and has since been found procedurally defaulted. So the central question is basically a clean legal question, as it was presented to us, and that is, are Brady claims included within the meaning of Martinez? Martinez, on its facts, is only IAC claims. But do Brady claims come in under the same principle? I agree. That is the fundamental question. For once in your life, you agree with Justice Scalia. Well, I agree with him on some Confrontation Clause issues, too. Essentially, it's correct. And I cited Justice Scalia's dissent in my briefing. Well, that's the problem with dissents, isn't it? The wonderful thing about being a dissenter in a case is you can paint the horribles and there's a terrible temptation to do it. And he says that all right, but that don't make it so. And the Supreme Court, I believe it was the majority, was not terribly impressed with that. I actually went on to say, I mean, they keep saying, this isn't a constitutional rule we're doing. It's just an equitable rule because trial consular is so important at trial consular. We're going to do an equitable rule, and it's limited to this case only. It's what it says. We all know where that goes. Justice Scalia tells us where that kind of thing goes. But don't us guys have to take the Supreme Court at its word? Your Honor, I think I tried to address this in both briefs, but I think the question becomes what does the reference to limited circumstances mean? Because that seems to be the term that the majority used in Martinez. And I would suggest that the limited circumstances do not necessarily need to be read as narrowly as my opponent would suggest. Namely, is it a fundamental constitutional claim? And I've argued that Brady claims are equally fundamental to trial counsel claims. I would add, is it a trial claim? Because there have been other circuit case law that has come out since Martinez that has refused to apply this to ineffective assistance of appellate counsel claims, and the government has cited some of those. Here we don't have that issue. We have a trial claim that I would argue strikes the fundamental nature of the conviction. Brady claims the suppression or failure to disclose exculpatory evidence at trial. How about newly discovered evidence? Justice Scalia said, of course, it's going to expand to that too, and I suppose if you had newly discovered evidence you would be making that argument to us today. Well, again, at this point I'm simply arguing that a fundamental constitutional trial claim that renders the trial unfair, and I think the case law is rife with cases that talk about habeas as being concerned primarily with was the trial fair. Here our argument is that a Brady claim of trial court suppression is equally fundamental to that of an ineffective assistance of counsel claim. Well, the point of Martinez specific, I'll limit my comment for the moment to IAC at the trial court, but the point of Martinez is not that there's a new constitutional claim being established in Martinez. The court is very clear that there is not. The only thing the court is establishing in Martinez is that ineffective assistance of counsel at the state habeas stage, in Washington State language at the PCR stage, is an excuse for a state court procedural default. And the only thing that does, if you have the valid excuse under Martinez, is that you get to raise the claim and then see whether the claim is any good. I don't see why IAC, by the state habeas case, either there was no counsel because there was none at all, or there was lousy counsel, ineffective, which was the equivalent of none at all. That's an excuse. If you had an effective counsel, the effective counsel would have raised it. In some sense, I don't quite understand why we have to argue the difference between the importance of ineffective assistance of counsel at trial or the unfairness of the state hiding exculpatory evidence that it had in its possession at trial. I mean, both of them are important. And the excuse for not raising it by the habeas counsel is that the habeas counsel either didn't exist or was ineffective. But the only thing Martinez gets, she has an opportunity to present the claim that's procedurally defaulted. And then the court decides whether it's any good or not. Your Honor, I would agree. And there's some lengthy citations to Martinez, specifically at page 1318, that talks about the fact that a state court has decided to channel the ineffective assistance claims into collateral review. And my reading of that essentially... With respect to either an IAC claim at trial or with respect to a Brady claim at trial, it's almost impossible to raise those on direct appeal. Every now and again an IAC claim at trial is so plain you can resolve it on appeal. Brady claims are virtually impossible because the question is, we never saw the evidence. Right. I would agree with that. Well, of course, Brady claims are often raised at trial, are they not? Excuse me? There are all kinds of Brady claims raised at trial. This particular one may not have been able to be because you say we didn't discover it until after trial. But we see Brady claims on direct appeals all the time. I think, Your Honor, that would depend on which state you're in. In Washington, you can raise them at trial. There are Washington cases allowing it. Your Honor, in this case, it was actually tried to be raised on appeal, and it was foreclosed. So my point is that having made that decision, Washington State having made the decision to channel Brady claims into collateral review, and in this case having... You're missing my point. My point is there are lots of things that can happen like that. If something happens after trial, appellate courts aren't likely to say, oh, yeah, we'll hear it on appeal. How can they? I mean, that doesn't even make any sense. I mean, if we start hearing things that weren't raised at trial because you didn't have them at the time, we're not going to start trying. So, of course, that goes to post-conviction review, if anything. That's not just Brady claims. It's not just IAC. It just isn't. It's all kinds of things. In terms of Brady claims, there are all kinds of Brady claims raised at trial. You didn't give it to Suno. You should give it to the court. Brady claim. It should have come to us ahead of time. You suppressed it. You didn't tell us about it on time. There are all kinds of Brady claims that come up at trial. What you're really talking about is a claim the evidence wasn't at the trial court. It comes up on the appellate court. And you're saying all those claims now are not procedurally defaulted. That's really what it comes to. Your Honor, I understand Your Honor's factual point better. Thank you. I think Washington State has essentially made that determination for us. Washington State has said we will not hear Brady claims on direct appeal. They have now made that decision. The fact that they've made that decision, it would seem to me that we shouldn't undo that or if we don't allow it at this point, we'll be encouraging defendants to do exactly what Washington State has said don't do, which is try to bring him on direct appeal because that's the only time you'll have a lawyer. So I think not allowing, as Judge Fletcher has mentioned, not allowing him to have his day in court now is going to encourage other Washington defendants to simply abuse the process and bring these on direct appeal. I see I have a short time left. I'd like to reserve if there are no further questions. Sure. Yeah. May it please the Court, John Sampson, Assistant Attorney General for the Respondent. As the Court has indicated, the narrow issue before the Court right now is whether Martinez v. Ryan applies to Brady claims. And Martinez explicitly held it does not. I'm not sure it said that. It said something about narrow circumstances and so on. Your Honor, in Martinez, at least three times the Supreme Court, the majority Supreme Court opinion specifically said it only applied to ineffective assistance counsel cases. First, on page 1315 of Martinez 132, Supreme Court at 1315, the courts said this opinion qualifies Coleman by recognizing a narrow exception. Inadequate assistance of counsel at initial review, collateral proceedings may establish cause for prisoner's procedural default of a claim of ineffective assistance at trial. I'm sorry, I've got one of these things. I'm on page 1315. I just want to read along with you. Okay. Is it above or below the Roman II where you're reading? Let me grab my copy of the opinion. Okay. So basically your argument is because the Supreme Court said that it excluded any other type of claim from Martinez? Yes, Your Honor. It would be after the Roman numeral II and above the capital A, Your Honor. Okay. Where I'm quoting from, and it's actually the last sentence in the paragraph before capital A. Okay. Recognizing a narrow exception in IAC at the initial collateral proceeding may establish for ineffective assistance of counsel. Okay. Got it. And then at page 1320, the court, okay, I'm on 1320 or this odd reprint, but, yeah, I'm on 1320. Yes, Your Honor. And this is the first full paragraph on page 1320, the first sentence says, the rule of Coleman governs in all but the limited circumstances recognized here. Then two sentences later, the court said it, and I believe I'm correct when I think it refers to the holding of this It does not extend to attorney errors in any proceeding beyond the first occasion the state allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial review collateral proceeding may be deficient for other reasons. In other words, it does not apply, the holding of Martinez does not apply to an initial collateral proceeding for any other errors other than failure to raise ineffective assistance to counsel at trial claim. And that is what the Tenth Circuit recognized in the Banks case when Banks tried to raise a claim of ineffective assistance of appellate counsel that was procedurally barred. The Tenth Circuit recognized that Martinez has limited itself only to ineffective assistance at trial claims that are And the third time is? And the third time is again on 1320, and that was that second sentence I read from page 1320. So twice in that paragraph? Twice in that paragraph. Our numbers two and three. Yes, Your Honor. And the next paragraph is not? I'm sorry, there was the first paragraph on page 1315. No, it's 1320. And then on 1320, there were two sentences in one paragraph. So those are the three times. And not the fourth, not the next paragraph. I think that would probably be a fourth because then they explain why we are limiting it to ineffective assistance of counsel. And the majority of the Supreme Court said that ineffective assistance at trial counsel and the right to trial counsel is such a fundamental right. It is the right that comes out of Gideon, which the courts have generally recognized as the one watershed rule that would even fall under the TIG, the exceptions to the TIG nonretroactivity bar. It is such a fundamental right. It goes beyond almost any other right that the court has recognized. So the Supreme Court has said Martinez only applies to these claims. Coleman applies in all other situations. So, therefore, Coleman has to apply in this case when there was a Brady claim that was procedurally defaulted. And the alleged failure to appoint counsel, and in this case it was a pro se post-conviction challenge, and because it was a pro se, it would be his own deficiencies. In this court, in Hughes v. Idaho Department of Corrections, which is not cited in our briefs, but I can provide a supplemental citation, this court recognized in the Hughes case that a prisoner's own internal deficiencies are not caused. Now, I understand your point that the language of the majority's opinion may be construed to say this only applies to provide an excuse when the underlying claim at trial is IAC. Assume for a moment that I don't read the language as limiting. Why is Justice Scalia wrong that the principle here should not be applied to Brady claims of the sort? And I take Judge Fernandez's correction or modification quite carefully because he's right. We do get Brady claims on direct appeal when the stuff comes in late and so on. When it's a Brady claim based on evidence that was never revealed and was only discovered at some time after trial, why in principle should Martinez not extend to that case? Because there is already a Supreme Court case, Coleman, which addresses that. And there's also opinions from this court which have held that alleged errors by counsel in collateral proceedings are not caused or deficiencies by the prisoner. But, of course, the cases that say deficiencies of counsel in collateral proceedings are not caused, those are overruled, at least to some extent, in Martinez. So I'm asking you why doesn't the overruling in Martinez and the principle that drives it extend to the Brady case where the Brady evidence is not known until after trial? For two reasons. First, they're only overruled in a very narrow circumstance. So they're still valid outside of ineffective assistance. I would submit only the Supreme Court can overrule Coleman in other areas beyond Martinez. And second, the right to trial counsel is so fundamental and it goes beyond simply a failure to disclose evidence. And in this case, the claims were counsel for the prosecution did not disclose the evidence until halfway through the trial. The reason the state court didn't consider that on direct appeal is because it was not in the record on appeal. And they said bring this in a collateral proceeding where you can bring the evidence. It's not the same, this alleged trial error is not the same level of a fundamental constitutional right as the right to counsel. Because that right to counsel recognized in Gideon is, it's been recognized by scholars as the one watershed rule of constitutional law that would satisfy, it's so important, it would satisfy the exceptions to Teague's non-retroactivity doctrine. Brady doesn't equal that. And a third reason is what counsel is asking is the floodgates to open up. And that is the concern that was expressed by Justice Scalia, is if we open it up to Brady, we'll open it up to other trial claims, trial error claims, and eventually you'll have petitioners bypassing state court collateral review and just coming into federal court and then claiming, well, I didn't have effective representation or I had no representation and therefore I can proceed with my defaulted claim. Those are the reasons why Martinez should not be extended, even if it wasn't limited by the language of Martinez. We'd ask that the court affirm the district court's judgment. Thank you. Thank you. In regard to the comparison between IAC and Brady, I think that counsel incorrectly bases that comparison on the facts of this case compared to perhaps the most egregious example, which was Gideon itself. I think Brady claims that strike at the heart of due process, that talk about whether the government has hidden exculpatory evidence, are equally as fundamental as Strickland claims. And I do want to touch briefly, I believe it was Judge Fernandez had talked about this being a matter of equity. And I think it's important to understand that in following up on some of Judge Fletcher's questions. I would point the court, and unfortunately I didn't cite this in my brief, to Holland v. Florida, which is found at 130 Supreme Court 2549. Specifically at page 2563, in which the court said that we've also made clear that often the exercise of a court's equity powers must be made in a case-by-case basis. And emphasizing the need for flexibility for avoiding mechanical rules, we have followed a tradition in which courts of equity have sought to relieve hardships which from time to time arise from a hard and fast adherence to more absolute legal rules, which if strictly applied, threaten the evils of archaic rigidity. Flexibility inherent in equitable procedures enables courts to meet new situations that demand equitable intervention and to accord all the relief necessary to correct the particular injustices. And I think that that's really what we're saying here, that as Justice Scalia points out, there is no principled way or there's not a dime's worth of difference between IAC trial claims and Brady trial claims. And we believe, for those reasons, that Martinez should apply equally to Brady claims. And we'd ask your honors to so find and allow Mr. Hunton to have his day in court. Okay, thank you very much. Nice arguments on both sides. Hunton v. Sinclair, submitted for decision.
judges: Fernandez, Fletcher, Rawlinson